## A. GELABERT & Co., PETITIONERS, v. SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

### PETITION for a Writ of Certiorari to the District Court of Ponce in an Action for the Creation of a Guaranty.

No. 252.—Decided July 28, 1919.

PLEADING—SUPPLEMENTARY COMPLAINT—DISCRETION OF COURT.—A court does not abuse its discretion in ordering the elimination of a supplementary complaint filed by leave of the court in an action in which the original complaint was to obtain a mortgage guaranty of an immature obligation and the supplementary complaint demanded payment of the said obligation as having matured.

ID. — ID. — DEMURRER — ACADEMIC QUESTION. — The original complaint and the amended complaint in an action to obtain the guaranty of an immature obligation, were demurred to as not stating facts sufficient to constitute a cause of action. Later, on motion of the defendant, the court ordered the elimination of a supplementary complaint wherein the plaintiff demanded payment of the obligation because it had matured. *Held:* That to rule now on the demurrer to the original and amended complaints would be to dispose of an academic question having no practical purpose, for the object of the said complaint being to obtain the guaranty of an immature obligation which for that reason could not be collected, and it appearing now from the complaint itself that the obligation has matured, nothing would be accomplished by ruling now on the sufficiency of that complaint, which has become useless by reason of the maturity of the obligation; therefore, the order holding that the decision of the demurrer would serve no practical purpose must be sustained.

The facts are stated in the opinion.

*Mr. Leopoldo Tormes* and *Miss Herminia Tormes* for the petitioner.

*Mr. José Tous Soto* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

As the result of a writ of certiorari issued against the Judge of the District Court of Ponce at the instance of the mercantile firm of A. Gelabert & Co., Ltd., we have before us the original record of an action brought in that court by the said firm against Remigio Morales and Eladio Burgos from which it appears that the complaint was filed on November 30, 1918, alleging that Morales signed a note in favor of the plaintiffs for the sum of $1,616.88 payable February 1, 1919, for which Burgos became security jointly and sever-

ally, and that, although the note had not matured, after the note had been signed the maker, Morales, had become insolvent and, while Burgos had some property, the uncordial relations between them affected the said obligation, for which reason the plaintiff prayed that Burgos be required to guarantee the said obligation with a mortgage.

After the defendants had demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and after an attachment had been levied upon properties of Burgos to the amount of more than $32,000, according to his affidavit, the plaintiffs filed an amended complaint on December 14, 1918, wherein they reiterated the facts set up in the original complaint and added that defendant Burgos was attempting to evade payment of the obligation referred to in the complaint by verbal statements and by undertaking to transfer his properties fraudulently to third persons, for which reason they prayed that he be ordered to execute a mortgage as security for the said obligation.

This second complaint was also demurred to on January 7, 1919, on the same ground and on February 4, 1919, the plaintiffs asked and obtained leave of the court to file a supplementary complaint because the obligation had matured, whereupon they filed an amended complaint setting up the same facts and adding that the obligation had matured on February 1, 1919, and had not been paid, praying that Remigio Morales and Eladio Burgos be adjudged to pay the amount due.

As soon as this amended complaint was filed the defendants moved that it be stricken out, because, among other reasons, it set up a new cause of action where none existed before and because it was not allowable to allege facts which were not available when the action was begun.

At this stage of the proceedings on April 30, 1919, the lower court entered three orders, one of which is not pertinent here because it refers to the dissolution of the attach-

ment. The other two are complained of by the plaintiffs, one being to the effect that, as the original and the first amended complaint had been amended, the demurrers to the said two complaints could not be ruled on, and the other ordering that the second amended complaint be stricken out.

Although the petitioners devote the greater part of their brief to showing that they have a cause of action for requiring that this claim be guaranteed, we shall not consider that question because it is not now pertinent, the question being whether there was error in the two orders against which the certiorari proceeding was brought.

Considering first the order striking out the last amended complaint, we will say that although the courts should be liberal in allowing amendments to pleadings, yet we can not hold in this case that the lower court so abused its discretional power in refusing to allow the amendment set up in the last amended complaint and in ordering its elimination, after hearing the adverse party's motion to that effect, that we must set aside the said order.

That complaint being eliminated, there remained the demurrer to the former complaint on the ground of failure to state a cause of action, and to rule on that question now would be superfluous because it would serve no practical purpose, for the object of the said complaint being to obtain the guaranty of an immature obligation which for that reason could not be collected, and it appearing now from the complaint itself that the obligation has matured, nothing would be accomplished by ruling now on the sufficiency of that complaint, which has become useless by reason of the maturity of the obligation; therefore we should not set aside the order holding that the demurrer could not be considered.

The writ of certiorari issued should be

*Discharged.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.